UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JOSHUA HILLARD,

                      Plaintiff,

     -against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF CORRECTION
COMMISSIONER DORA B. SCHRIRO;
CAPTAIN JONES; CORRECTION OFFICER
"JOHN DOE"; the individual defendants sued
individually and in their official capacities,

                      Defendants.
---------------------------------------------------------------x

CV 13 - 7133

SUMMONS ISSUED

**COMPLAINT**

ECF CASE

Jury Trial Demanded

GARAUFIS, J.

AZRACK, M.J

## **PRELIMINARY STATEMENT**

1.     This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from an incident, which occurred on or about December 13, 2010 in the Robert N. Davoren Complex in Riker's Island, Queens, New York. During the incident, the City of New York, and members of the New York City Department of Correction, including Commissioner Dora B. Schriro, Captain Jones and Correction Officer "John Doe", subjected plaintiff to, among other things, excessive force, assault and battery, unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, and negligent supervision, training and instruction of employees. Plaintiff seeks

compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICATION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 because some of the acts in question occurred in Queens County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. Plaintiff Joshua Hillard is a citizen of the State of New York, County of Bronx.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. Defendant New York City Department of Correction operates Rikers Island Jail Complex, in Queens, New York, the location where Plaintiff's civil rights were violated.

8. Commissioner Dora B. Schriro is the Commissioner of the New York City Department of Correction and was appointed to direct the New York jail system on or about September 21, 2009.

9. Captain Jones is a New York City Department of Correction Captain who was assigned to Rikers Island, Robert N. Davoren Complex, who assaulted plaintiff and violated his rights as described herein.

10. New York City Department of Correction Officer "John Doe", is a member of the New York City Department of Correction, an officer who assaulted plaintiff and violated his rights as described herein.

11. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

12. The following is a summary set forth for purposes of demonstrating, averring, and providing notice of plaintiff's claims against the defendants. Plaintiff has not set forth each and every fact concerning the incident(s) described below.

13. On December 13, 2010, sometime between 5:00 p.m. and 6:00 p.m., in the premises known as Robert N. Davoren Complex ("RNDC") Plaintiff Joshua Hillard and several other inmates were directed to pack their belongings for transfer to another complex on Rikers Island.

14. While in his cell, Plaintiff was attacked and assaulted by Captian Jones and another Correction Officer "John Doe". While Correction Officer "John Doe" held Plaintiff to the ground, Captain Jones punched Plaintiff in the face and body, all without cause.

15. Thereafter, Captain Jones and Correction Officer "John Doe", and possibly other officers involved, while acting in concert, and pursuant to a conspiracy,

falsely and maliciously reported that Plaintiff caused the incident, and as a result, Plaintiff was sent to "the box", solitary confinement for fifty (50) days.

16. As a result of Captain Jones's and Correction Officer "John Doe's" actions, Plaintiff experienced personal injuries, pain and suffering, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

17. Despite plaintiff's non-action, the individually named defendants violated plaintiff's civil rights by using excessive force, gross negligence, assault and battery, intentional and negligent infliction of emotional distress, conspiracy, harassment, and abuse of process.

18. The individual defendants acted in concert committing these illegal acts against plaintiff.

19. Plaintiff did not resist at any time during the above incidents.

20. The aforesaid events were not an isolated incident. Defendant Commissioner Dora B. Schriro has been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of New York Department of Correction officers and employees are insufficiently trained on the proper way to use force and treat inmates. Commissioner Dora B. Schriro is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, Commissioner Dora B. Schriro has failed to take corrective action. This failure caused the defendant Captain Jones and Correction Officer "John Doe" in the present case to violate the plaintiff's civil rights.

21. Moreover, Commissioner Dora B. Schriro was aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and

disposition to be employed with the New York Department of Correction. Despite such notice, Commissioner Dora B. Schriro has retained these, captains, officers and employees, and failed to adequately train and supervise them.

22. As a result of defendants' actions, plaintiff experienced severe personal injuries and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

## FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

23. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

24. The conduct of the defendant Captain Jones and Officer "John Doe", as described herein, amounted to excessive force, unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, conspiracy, harassment, abuse of process, assault and battery, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, and negligent training and instruction of employees.

25. The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by using excessive force, unconstitutional conditions of confinement, intentional and negligent infliction of emotional distress, conspiracy, harassment, abuse of process, malicious prosecution, gross negligence, assault and battery, negligent hiring and retention of incompetent and unfit employees, and negligent supervision, training and instruction of employees.

26. Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with specific intent to deprive plaintiff of his rights secured by 42 U.S.C. §§1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and New York State Law.

27. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced severe personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

28. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

## FEDERAL AND STATE CLAIMS AGAINST DEFENDANT SCHRIRO

29. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

30. Defendant Dora B. Schriro is liable, in her official capacity, to plaintiff because: (1) she created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) she was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) she exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

31. Upon information and belief, defendant Schriro was aware from notices of claim, lawsuits, complaints, and the New York City Department of Correction's own observations that the captains and officers sued in the present case were unfit to be officers, and that it was highly likely that they would commit the acts alleged in the present case.

32. Nevertheless, defendant Schriro exercised deliberate indifference by failing to take remedial actions.

33. The aforesaid conduct by defendant Schriro violated plaintiff's rights under 42 U.S.C. §§1983 and 1985(3), and the First, Third, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by failing to re-train, the defendant subordinate officers and employees, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant officers and employees, either at the facilities where the incidents occurred, or at her Headquarters, and creating a culture where officers are encouraged to harass and assault those who question their authority, and acting in a manner which amounted to negligent hiring, training, monitoring, and retention of incompetent employees, in violation of state law.

34. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment and humiliation.

35. The aforesaid conduct of defendant Schriro amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

## **FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK**

36. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

37. The City of New York directly caused the constitutional violations suffered by plaintiff.

38. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from the New York City Department of Correction's own observations, that the officers involved in the present case were unfit to be correction officers, and that it was highly likely that they would commit the acts alleged in the present case.

39. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, re-train, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass and assault inmates without consequence. Indeed, when inmates file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the office is unworthy of belief.

40. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§1983 and 1985(3), and the First, Third, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

41. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

42. Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

WHEREFORE, plaintiff demands a jury trial and following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorneys' fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated: New York, New York
December 12, 2013

> LAW OFFICE OF JAMES COSTO
> Attorneys for Plaintiff
> 11 Park Place, Suite 600
> New York, New York 10007
> 917.783.1505
> costolaw@gmail.com
>
> By:
> _____
> JAMES COSTO (JC 3308)